IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JULIE STONE,
    PLAINTIFF,

v.                                      CASE NO.: 3:17-CV-195

GULF COAST BANK & TRUST COMPANY,
    DEFENDANT.
_____/

## **COMPLAINT**

Plaintiff, JULIE STONE, (hereinafter referred to as "STONE" or "PLAINTIFF"), by and through her undersigned attorney, sues the Defendant, GULF COAST BANK & TRUST COMPANY, (hereinafter referred to as the "GCBT" or "DEFENDANT"), and alleges as follows:

### *JURISDICTION AND VENUE*

1. This is an action to remedy discrimination on the basis of gender, hostile work environment, and in retaliation for reporting the discriminatory acts, in the terms, conditions, and privileges of Plaintiff's employment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes and the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq*.

2. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §

1

2000e-5(f) and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. Plaintiff received a "Reasonable Cause" determination from the Florida Commission on Human Relations and on December 28, 2016, a Right to Sue letter was issued by the United States Equal Employment Opportunity Commission (EEOC).

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201, 2202, and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. § 2000e-5(k) and Fed. R. Civ. P. 54.

5. This is an action for damages in excess of the jurisdictional limits of the Court, exclusive of fees and costs, brought to recover unpaid overtime compensation, declaratory relief, attorney fees, costs and other relief as a result of misclassification under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq*. Jurisdiction is conferred upon the Court pursuant to Section 16(b) of the FLSA, as amended, 29 U.S.C. § 216(b).

6. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the FLSA and the authority to grant declaratory relief pursuant to 28 U.S.C. § 2201 et seq.

7. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district,

and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

## *PARTIES*

8. Plaintiff, Julie Stone, ("Stone/Plaintiff"), is a Caucasian female and a citizen of the State of Florida, and who resides in Destin, Florida. Plaintiff is a former employee of the Defendant herein, GCBT, specifically, she was previously and initially employed as the mortgage loan assistant from June 2, 2014, until her termination on April 2, 2015.

9. Defendant, GULF COAST BANK & TRUST is a community based financial institution providing banking services to commercial and consumer customers in the State of Florida and other states. GCBT, is an "employer," pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, and Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as it employs fifteen (15) or more employees.

## *FACTS*

10. Plaintiff is a Caucasian female.

11. Plaintiff was hired by Defendant on or about June 2, 2014, as a Mortgage Loan Assistant.

12. Defendant is a community based financial institution providing banking services to commercial and consumer customers in the State of Florida and

Okaloosa County. Plaintiff worked in Defendant's Destin, Florida location.

13. As a mortgage loan assistant, Plaintiff prepared, organized and reviewed loan and closing documents for Defendant.

14. Plaintiff is a homosexual female in a same sex relationship;

15. When it became legal for same sex marriages in the state of Florida, Plaintiff and her partner decided to get married.

16. Plaintiff asked for a vacation day and Kristen Blossman (female, married), Supervisor, asked why she needed the day off.

17. Plaintiff reluctantly told Ms. Blossman that she was getting married that day.

18. Plaintiff never discussed her sexuality with them or anyone in the office previously during her employment.

19. After Plaintiff told Ms. Blossman about her same sex marriage, things began to change and became even worse once she returned from her marriage ceremony.

20. Plaintiff told Ms. Blossman about her impending wedding on or about January 9, 2015.

21. After revealing her sexual orientation, Ms. Blossman began treating her differently and distantly.

22. When Plaintiff returned from her wedding ceremony on or about

January 26, 2015, Ms. Blossman began treating her with open distain and hostility.

23. Blossman began taking business from Plaintiff and giving it to Lauren Blossman ("Lauren") (female, engaged), and her daughter in law.

24. Blossman became distant, ignoring her, being rude when she had not been rude before and stopped communicating with her.

25. After the disclosure of Plaintiff's sexual preference and marriage, Ms. Blossman regularly expressed an outwardly stereotypical display of disapproval of Plaintiff's appearance and lifestyle choice.

26. Ms. Blossman made it clear that she did not approve of Plaintiff's sexual preference and created an extremely hostile working environment.

27. Ms. Blossman verbally made and used derogatory comments and/or remarks to Plaintiff in regards to her sexual preference and/or orientation, dress and body language and gestures.

28. Ms. Blossman would also make derogatory remarks to employees regarding Plaintiff's lifestyle choices and appearance.

29. Plaintiff complained to Ms. Blossman about her treatment and discrimination of her.

30. Ms. Blossman's intensified hostility towards Plaintiff after her complaints of discriminatory treatment.

31. Plaintiff objected to Ms. Blossman's treatment and expressed her

concerns to Ms. Blossman in an email.

32. Plaintiff told Ms. Blossman she was being treated this way because of her sexual orientation and was being stereotyped as she did not want "her kind" on her team.

33. Ms. Blossman did not believe that Plaintiff fit the desired and stereotyped perception of how a female team member should be or act. Ms. Blossman believed that Plaintiff should have been more like a normal woman and been attracted to men.

34. Plaintiff spoke with Ms. Blossman again after nothing changed.

35. Plaintiff spoke with Ms. Blossman again on February 11, 2015, and Ms. Blossman had no resolution to their conflict and thereafter dismissed Plaintiff's hostile work environment and retaliation compliant.

36. Ms. Blossman further dismissed Plaintiff's compliant that she had taken all of her business away and given it to Lauren.

37. As a result of Ms. Blossman's actions, Plaintiff's workload diminished and so did her income as she would receive a $200 (non-discretionary bonus) for the close of each loan.

38. On April 2, 2015, Blossman came into the office and informed Plaintiff that she was not a "team player".

39. Plaintiff responded that she had been a team player all along and that

nothing had changed except that now Ms. Blossman knew that she was married to another female and not a male.

40. Plaintiff again expressed her concerns about how her business had been taken away and given to Lauren and was subjected to a hostile working environment thus making it hard to be a team player.

41. Plaintiff was subsequently terminated and instructed to leave that day.

42. Plaintiff was replaced the next day by a headrosexual that fit Ms. Blossman's stereotypical description of what a female team member should be.

43. Defendant failed to adhere to its promulgated policies prohibiting harassment, discrimination, and retaliation as Ms. Blossman discriminatory and retaliatory behaviors were known to Defendant and allowed to continue in the workplace.

44. As a result of Plaintiff's gender, sexual orientation or perceived sexual orientation, and having engaging in a protected activity by reporting Ms. Blossman discrimination, Plaintiff was subjected to unwelcomed and severe harassment, ridicule and hostile working environment.

45. As a result of Defendant's conduct and failure to act, Plaintiff has suffered and will continue to suffer with anxiety and difficult economic circumstances, in addition to sustained continued mental and psychological distress.

46. Plaintiff worked approximately fifteen (15) hours a week in excess of

the standard forty (40) hour work week or approximately five hundred twenty (520) hours of overtime from August 2014 to April 2015.

47. Defendant paid Plaintiff some overtime but not for all hours worked in excess of forty.

48. As a part of Plaintiff wages, she was paid a non-discretionary two hundred ($200) dollars bonus per closing.

49. In addition to the additional overtime hours worked but that were unpaid by Defendant, it underpaid Plaintiff for all overtime hours it did pay as it did not properly calculate the regular rate of pay in include the non-discretionary two hundred ($200) dollars bonus per closing.

50. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiff's collection work for the Defendant affected interstate commerce.

51. The Defendant is an employer and enterprise engaged in interstate commerce.

52. The Defendant controlled the day to day operations of its Destin, Florida location including matters concerning hiring, firing, payroll, setting employee hourly rates and policies, making procedures, setting goals, marketing, setting rates and prices, and other business operations.

53. The Defendant supervised the operations of its Destin, Florida location, including hiring and firing employees, setting store hours and schedules and establishing the duties and responsibilities of its Destin, Florida employees.

54. Upon information and belief, the Defendant had gross earnings in excess of $500,000 annually for the years 2013, and 2014.

55. Upon information and belief, the Defendant had gross earnings in excess of $250,000 for the first six months in the year 2015.

56. Defendant, at all times material, was the employer of Plaintiff within the meaning of the FLSA, *29 U.S.C. § 203(d)*.

57. Plaintiff, at all times material, was an employee of Defendant within the meaning of FLSA, *29 U.S.C. § 203(e)*.

58. Defendant hired Plaintiff to work in its Destin, Florida location and paid her an hourly rate.

59. At all times material hereto, from June 2014 until Plaintiff's involuntary termination in March 2015, Plaintiff regularly worked in excess of 40 hours per week, including weekend work.

60. At all times material herein, the Defendant controlled the Plaintiff's day to day activities, supervised, and/or had operational control over the Plaintiff, setting the Plaintiff's rate of pay, determining if overtime was to be paid, setting Plaintiff's

work schedule including the number of days and hours worked assigning the Plaintiff's work duties.

61. Plaintiff's duties and responsibilities as a mortgage loan assistant was not servicing, managing or administrating Defendant in the way intended by the administrative exemption regulations as set forth in the FLSA.

62. At all times material hereto, Defendant failed to comply with *29 U.S.C. §§ 201-209,* because Plaintiff performed services for the Defendant for which no provisions were made by Defendant to properly pay Plaintiff for the hours worked in excess of forty within a work week.

63. Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty hours per work week and failed to properly calculate her regular rate of pay for purposes of determining her actual overtime rate.

64. Defendant knew and was aware at all times that the Plaintiff was not being paid overtime wages or the correct overtime rate as required by the FLSA.

65. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages or the correct overtime rate of pay as required by the FLSA as Defendant knew of the overtime requirements of the FLSA and recklessly failed to investigate whether the Defendants payroll practices were in accordance with the FLSA.

66. Plaintiff has retained the undersigned attorneys and is obligated to pay them a reasonable fee for their services pursuant to the FLSA.

## FIRST CAUSE OF ACTION
*(Title VII - Gender Discrimination)*

67. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 66 of this complaint with the same force and effect as if set forth herein.

68. Plaintiff was the subject of workplace discrimination through continued and ongoing adverse working conditions and treatment by Defendant because of his gender, sex, sexual orientation or perceived sexual orientation in violation of the Title VII.

69. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

## SECOND CAUSE OF ACTION
*(Title VII - Retaliation)*

70. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 66 of this complaint with the same force and effect as if set forth herein.

71. Plaintiff was the subject of workplace discrimination and retaliation through continued and ongoing adverse working conditions and treatment by

Defendant because of her gender, sex, sexual orientation or perceived sexual orientation in violation of the Title VII.

72. Plaintiff objected to and/or refused to participate in any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

73. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

## THIRD CAUSE OF ACTION
*(Title VII - Hostile Work Environment)*

74. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 66 of this complaint with the same force and effect as if set forth herein.

75. Plaintiff was the subject of workplace harassment through continued and ongoing adverse working conditions and treatment by Defendant which created a hostile working environment in violation of Title VII of the Civil Rights Act of 1964.

76. Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

77. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

## FOURTH CAUSE OF ACTION
*(Violation of the Fair Labor Standards Act "FLSA")*

78. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 66 of this complaint with the same force and effect as if set forth herein.

79. Defendant failed to comply with *29 U.S.C. §§ 201-209,* because Plaintiff performed services for the Defendant for which no provisions were made by Defendant to properly pay Plaintiff for the hours worked in excess of forty within a work week.

80. Defendant willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA.

81. As a result of the unlawful acts of Defendant, the Plaintiff has been deprived of compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorney's fees, costs and other compensation.

## FIFTH CAUSE OF ACTION
*(Okaloosa County Ordnance Sec. 11.5-24. –Discrimination – Sale of Housing)*

82. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 66 of this complaint with the same force and effect as if set forth herein.

83. As made applicable by Okaloosa County Ordinance section 11.5-23 it shall be unlawful: To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in provision of services or facilities in connection therewith, because of race, color, ancestry, national origin, religion, sex, marital status, familial status, handicap, or age.

84. Defendant failed to comply with Okaloosa County Ordnance Sec. 11.5-24, Plaintiff was the subject of workplace discrimination through continued and ongoing adverse working conditions and treatment by Defendant because of his gender, sex, sexual orientation or perceived sexual orientation in violation of the Sec. 11.5-24.

85. Defendant discriminated against Plaintiff in the terms and conditions of her employment as an individual who assisted with the sale of a dwelling or in provision of services in connection therewith, on the basis of her gender, sex marital or familial status in violation of the Sec. 11.5-24.

86. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Select actions.

87. Plaintiff has suffered damages and will continue to suffer damages in the future as a result of Defendant's actions.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violations of the Title VII, Okaloosa County Ordnance Sec. 11.5-24, and the Fair Labor Standards Act (FLSA);

b) Enjoining and permanently restraining those violations of the Title VII, Okaloosa County Ordnance Sec. 11.5-24, and the Fair Labor Standards Act (FLSA);

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, lost wages (back pay), fringe benefits, pension, and other lost benefits.

e) Awarding Plaintiff Front or Future Pay;

f) Compensatory damages, for past and future emotional and health distress;

g) Awarding Plaintiff liquidated damages

h) The costs of this action, together with reasonable attorney's fees; and

i) Any other further relief, allowable under Title VII, Okaloosa County Ordnance Sec. 11.5-24, and the FLSA which is necessary and proper, to make the Plaintiff whole, due to the statutory violation.

j) Granting such other and further relief as the court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: March 27, 2017.
By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
R. JOHN WESTBERRY
Florida Bar No.: 244661
Email: rjw@westconlaw.com
**WESTBERRY & CONNORS, LLC.**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
Attorney for Plaintiff: JULIE STONE